IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SEAN WEISNER, #1718500,      § | |
|      PLAINTIFF,      § | |
| § | |
| V.      § | CIVIL CASE NO. 3:19-CV-2692-L-BK |
| § | |
| CRIMINAL COURT OF APPEALS,      § | |
|      DEFENDANT.      § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for judicial screening, including the issuance of findings and a recommended disposition when appropriate. The Court granted Plaintiff Sean Weisner's motion to proceed *in forma pauperis*, but did not issue process. Doc. 7. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

### I. BACKGROUND

On November 7, 2019, Weisner, a Texas state prisoner proceeding *pro se*, filed his *Original Application for Writ of Mandamus* against the Texas Court of Criminal Appeals. Doc. 3 at 1. He complains about the dismissal of his subsequent state applications for a writ of habeas corpus under Tex. Code Crim. Proc. Art. 11.07, Sec. 4(a)-(c). *Ex parte Weisner*, Nos. WR-81,958-03 and -04 (Tex. Crim. App. Jul. 24, 2019).[1] Specifically, Weisner asserts that he was

---

[1] The docket sheets are available at http://search.txcourts.gov/Case.aspx?cn=WR-81,958-03&coa=coscca and http://search.txcourts.gov/Case.aspx?cn=WR-81,958-04&coa=coscca (last accessed on Mar. 24, 2020).

denied his due process right to a subsequent state writ application and to findings of fact. Doc. 3 at 1-2. He avers that he has now made "a substantial showing" of a constitutional violation supported by strong evidence from the trial records, which were previously unavailable to him due to his indigent status. Doc. 3 at 5 (referencing his enclosed *Memorandum of Law* in support of his successive applications). Weisner requests an order directing the Court of Criminal Appeals to rescind its prior orders dismissing his subsequent writs and to issue detailed findings of fact and conclusions of law addressing each of his new claims. Doc. 3 at 3.

Upon review, Weisner's mandamus petition lacks any legal basis and should be dismissed as frivolous and for failure to state a claim.

## II. ANALYSIS

Because Weisner is proceeding *in forma pauperis*, his petition for writ of mandamus is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e)

("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Weisner's *Application for Writ of Mandamus* is frivolous and fails to state a claim.

Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (per curiam). Here, the *Application for Writ of Mandamus* seeks only an order compelling the judges of the Texas Court of Criminal Appeals to vacate orders dismissing Weisner's successive applications and issue written findings as to each of his claims. As such, the *Application for Writ of Mandamus* lacks merit and should be dismissed with prejudice as frivolous and for failure to state a claim. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of mandamus petition as frivolous because federal courts lack power to mandamus state officials in performance of their duties); *Peters v. Tex. Court of Criminal Appeals*, 547 F. App'x 557, 558 (5th Cir. 2013) (per curiam) (affirming dismissal of mandamus petition against Court of Criminal Appeals for failure to state a claim).

### III.  LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* For the reasons outlined here, Weisner's claims are fatally infirm. Under these circumstances, granting leave to amend would be futile and cause needless delay.

## IV.  CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on March 24, 2020.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).