IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEAN WEISNER (#1718500), | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:19-CV-2692-L** |
| CRIMINAL COURT OF APPEALS, | § § § | |
| Defendant. | § § § | |

# ORDER

On March 24, 2020, United States Magistrate Judge Renée Toliver entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 8), recommending that the court dismiss Plaintiff Sean Weisner's ("Plaintiff") Original Application for Writ of Mandamus against the Texas Court of Criminal Appeals (Doc. 3) as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's Application for Writ of Mandamus seeks an order compelling the judges of the Texas Court of Criminal Appeals ("TCCA") to vacate its order denying his successive applications for state writ of habeas corpus and issue written findings as to each claim. Magistrate Judge Toliver determined that Plaintiff's Application for Writ of Mandamus lacks merit, as federal courts do not have the authority to "issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought." Report 3 (citation omitted). Accordingly, she recommends that the court dismiss with prejudice this action under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim. She also recommends that Plaintiff should not be permitted to amend because doing so would be futile and cause needless delay.

Plaintiff filed his Objections (Doc. 9) to the Report on April 10, 2020.  Specifically, he objects to Magistrate Judge Toliver's determination that his Application for Writ of Mandamus is frivolous and lacks merit.  He contends that the state court's denial of his second application for state writ of habeas violated his due process right to be heard under the Fifth and Fourteenth Amendments.  He further asserts that his Application for Writ of Mandamus is also a civil action that asserts claims that the TCCA violated his constitutional rights, not merely a request that the court order the TCCA to issue findings of fact and conclusions of law.  Plaintiff then reiterates his request for the court to order the TCCA to "take back their discretion[ary] dismissal of Plaintiff's state writ of habeas corpus 11.07 and comply with the due process clause of law under the [Fifth] and [Fourteenth] Amend[ment] Sec[tion] 1."  Pl.'s Obj. 5.

Despite Plaintiff's assertion that he seeks other relief in addition to a writ of mandamus, he fails to state any other relief sought.  Thus, the court determines that mandamus relief is the only relief sought, and, as Magistrate Judge Toliver noted, the court does not have the authority under these circumstances to issue writs of mandamus against state officers, including the TCCA. *Conner v. Texas Court of Criminal Appeals*, 481 F. App'x 952, 953 (5th Cir. 2012) (citing *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973)).  Even if the court viewed Plaintiff's Application as a separate civil action, he fails to assert any additional relief sought that would be within the authority of this court.  Accordingly, the court determines that his Objections are without merit.

Magistrate Judge Toliver also recommends that the court do not allow Plaintiff to replead as doing so would be futile.  The court agrees.  In his Objections, Plaintiff reasserts the same arguments made in his Application and makes no allegation seeking additional relief, other than mandamus relief, against the TCCA.  Thus, the court concludes that Plaintiff has pled his best case.

Accordingly, the court will not allow Plaintiff an opportunity to amend, as doing so would be futile and cause unnecessary delay.

After review of the pleadings, file, Report, and applicable law, and having conducted a de novo review of the portions of the Report to which objections were made, the court determines that the findings and conclusions of the Magistrate Judge are correct and **accepts** them as those of the court.  Accordingly, the court **overrules** Plaintiff's Objections (Doc. 8), **denies** his Application for Writ of Mandamus (Doc. 3), and **dismisses with prejudice** this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

The court prospectively **certifies** that any appeal of this action would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  In support of this certification, the court **incorporates** by reference the Report.  *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997).  Based on the Magistrate Judge's Report, the court concludes that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous.  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit.  *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 21st day of April, 2020.

Sam A. Lindsay
United States District Judge